Bache agt. Lawrence & Tuthill.

## SUPREME COURT.

### BACHE agt. LAWRENCE & TUTHILL.

A defendant whose domicil is in New-Jersey, where he spends all his time ex-
cept during the business hours of the day, is not a *resident* of this state, though
his business is in New-York, and he is daily and habitually in New-York
from seven o'clock in the morning to seven o'clock in the evening, and though
he keeps his bank account in New-York, and his property may be attached.

*New-York Special Term, December,* 1857.

MOTION to set aside an attachment. The defendant Tuthill
is a member of a mercantile firm whose place of business is in the
city of New-York, where they keep their bank account, and
where they transact all their business. The defendant's family
reside in Hoboken, New-Jersey. His daily habit is to leave Ho-
boken at seven o'clock in the morning, and to go directly to
New-York, where he remains at the store of the firm of which
he is a member till seven o'clock in the evening, when he
returns to Hoboken. He spends his Sundays in Hoboken.
The plaintiff had obtained a warrant of attachment against the
property of the defendant, on the ground that he was not a
resident of the state. On the foregoing facts, a motion was
made to set aside the attachment.

H. M. WHITEHEAD, *for the motion,* cited *Towner* agt. *Church*
(2 *Abbott,* 299).

JAMES B. BRINSMADE *opposed the motion,* upon the follow-
ing grounds:

1. The *syllabus* of the reporter in the case of *Towner* agt.
*Church* does not correctly state the decision of the court. It is
the mere *obiter dictum* of Justice COWLES. In that case, the
defendant was held, *by the court,* to be a resident because he
kept rooms in the city of New-York, where he lodged every
night except Saturday and Sunday nights, in addition to his
making New-York his sole place of business.

2. In *Towner* agt. *Church* it was said, that if the converse of the facts were true, the defendant would clearly not be a resident ; ergo, he must be a resident. In the case in question, if the converse of the facts were true, the defendant would clearly be a resident ; ergo, he must be not a resident, if the logic be correct.

3. Keeping a bank account in New-York does not make one a resident. Bank accounts are kept by merchants where they can obtain the readiest accommodations in the way of discounts. Hundreds of New-York merchants keep bank accounts in Jersey City, and do not themselves cross the ferry once a month.

4. The daily habit of coming to New-York to buy and sell dry goods does not make one a resident. If it did, there would have to be a fixed rule as to the number of days he must come and the number of hours he must remain. The word resident implies, necessarily, an abode, a dwelling.

5. It is true that one may have his domicil in one place and his residence in another, but that is only when he does not abide, dwell, or live at his domicil.

6. The object of the Code is not merely to furnish a means of commencing an action, where it cannot be commenced by personal service of the summons, for,

1st. In the majority of cases where an attachment is issued, the defendant is actually served within the state, and there is no provision that the attachment shall be set aside in case the summons is or can be served, as there would be if the object of the statute were as supposed.

2d. In the same section of the Code (229) the same process is given, in .the same terms, against a foreign corporation, and the foreign corporation and the " not a resident" are exactly on the same footing as to the object of the statute. Now, it is notorious that, as a general rule, a foreign corporation never has property within this state, unless it has an officer or managing agent here to take charge of it ; and the service upon such officer or agent is good service on the corporation. But,

7. It is respectfully submitted that the object of the Code is not in this case a legitimate subject of inquiry. Where there is no ambiguity in the statute, it is not within the province of the court to speculate about the intentions of the legislature.

ROOSEVELT, Justice. The motion to set aside the attachment is denied.

---

## SUPREME COURT.

THOMAS RIGNEY agt. SAMUEL W. TALLMADGE.

Where a *conveyance* of real estate is made absolute on its face, but in fact for the purpose of security to the grantee, as a bona fide creditor, the law does not hold such a conveyance fraudulent; and the making of it, where the object is shown to·be one which can be sustained, cannot be declared to be evidence of a fraudulent intent as to other creditors.

Where a motion is made to set aside an attachment, and pending the motion the plaintiff procures a report of a referee, to whom the action had been referred, in his favor, finding that the transfer of property by the defendant was fraudulent, such report can have no effect or control in the decision of the motion.

The mere neglect to defend an action brought against a debtor, without showing fraud and collusion between the plaintiff and defendant, would not be sufficient evidence to declare the judgment fraudulent, so as to authorize an attachment against the defendant by other creditors.

*New -York Special Term, September*, 1859.

THIS case came ·before the court on defendant's motion to discharge an attachment which the plaintiff· had obtained against him.

INGRAHAM, Justice. An attachment was issued in this case against the defendant, Tallmadge, upon the ground that the defendant had disposed of his property with the intent to defraud his creditors. The plaintiff, by affidavit, proved several